UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>        Plaintiff,<br><br>        v.<br><br>WALMART INC.,<br>702 Southwest 8th Street<br>Bentonville, AR 72716<br><br>        Defendant. | **Case No. 22-965**<br><br>**COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER RELIEF** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its Complaint alleges:

1.      Plaintiff brings this action under Sections 5(m)(1)(B), 13(b), and 16(a)(1) of the FTC Act, 15 U.S.C. §§ 45(m)(1)(B), 53(b), and 56(a)(1), to obtain monetary civil penalties, injunctive relief, and other relief for Defendant's violations of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1), the Textile Fiber Products Identification Act ("Textile Act"), 15 U.S.C. § 70 *et seq.*, and the Rules and Regulations Under the Textile Fiber Products Identification Act, 16 C.F.R. Part 303 ("Textile Rules").   Defendant's violations arise from Defendant's marketing

and sales of textile fiber products that Defendant deceptively claims are "bamboo" or provide an environmental benefit.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

3.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c)(2), 1395(a), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.      This action is brought by the United States of America on behalf of the FTC. The FTC is an independent agency of the United States government given statutory authority and responsibility by, *inter alia*, the FTC Act, 15 U.S.C. §§ 41-58, and the Textile Act, 15 U.S.C. § 70, *et seq*.   The FTC is charged, *inter alia*, with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce, and the Textile Act, which governs the labeling and advertising of textile fiber products manufactured, sold, advertised, or offered for sale in commerce, and makes it unlawful to misbrand or falsely or deceptively advertise those products.

## DEFENDANT

5.      Defendant Walmart Inc. ("Walmart") is a corporation with its principal place of business at 702 Southwest 8th Street, Bentonville, Arkansas 72716.   Walmart transacts or has transacted business in this District, including through its websites, www.walmart.com and www.samsclub.com, and through its retail stores.   At all times relevant to this Complaint, acting alone or in concert with others, Walmart has participated in the acts and practices described in

this Complaint, including by advertising, marketing, distributing, or selling textile products to consumers throughout the United States.

## COMMERCE

6.     At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

7.     Defendant markets and sells textile fiber products throughout the United States on its websites and through brick-and-mortar stores.

8.     Defendant manufactures, markets, and sells textile fiber products under its own private labels.   Defendant also markets and resells textile products, which it purchases from vendors and/or suppliers ("non-private label products").

9.     In advertisements for textile products marketed and sold on its website, www.walmart.com and www.samsclub.com, Defendant makes or has made various claims concerning the fiber content of those textile products.

### "Bamboo" Fiber Claims

10.     On the www.walmart.com, and www.samsclub.com websites, Defendant has claimed the textile fiber in retail products it markets and sells is "bamboo."   For example:

   a)     Defendant has marketed and sold a non-private label "Ottomanson Bamboo Luxury Bath Towel Set" that lists the fiber content as "100% Bamboo."





b)      Defendant also has marketed and sold a non-private label "Bamboo Sheets - Sweet Home Collection 1800 Series Deep Pocket 4 Piece Set."



c)      Defendant also has marketed and sold the non-private label "Pine & River

Chilled Bamboo Cooling Weighted Blanket" and has described the product as "100%

Bamboo cooling weighted blanket."   The online description lists the fabric content as

"Bamboo."





d)      Defendant also has marketed and sold the non-private label "LUXE Life 100% Organic Bamboo Washcloths for Babies and Adults" and has claimed the "washcloths are made from 100% natural bamboo fibers."





Features

Experience to the next level of luxury with our hypoallergenic, dye-free, organic bamboo wash cloths.
LUXE Life™ organic bamboo washcloths are made from 100% natural bamboo fibers which make it the
ideal washcloth for babies or those with delicate and sensitive skin. Unlike cotton, organic bamboo
washcloths do not yellow over time, so you can enjoy beautifully white and fresh washcloths. LUXE Life™
organic bamboo washcloths are soft and durable for everyday use, making it the perfect gift.natural
organic bamboo fibers hypoallergenic organic and dye free odoro resistant and antibacterial durable and
versatile renewable and environmentally sustainable pack of 6 washcloths towel dispenser included

### **Environmental Benefit Claims**

11.     Defendant has made environmental benefit claims about the products it advertises

as bamboo or rayon made from bamboo, including:

        a)     As described in Paragraph 10(c) above, Defendant has marketed and sold

the non-private label "Pine & River Chilled Bamboo Cooling Weighted Blanket,"

claiming that it is "eco-friendly & sustainable."

        b)     As described in Paragraph 10(d) above, Defendant also has marketed and

sold the non-private label "LUXE Life 100% Organic Bamboo Washcloths for Babies

and Adults," claiming they are "renewable and environmentally sustainable."

        c)     Defendant also has marketed and sold a non-private label "Sweet Home

Collection Hypoallergenic Bamboo Memory Foam Pillow," claiming it is "eco-friendly."





        d)      Defendant also has marketed and sold the non-private label "Leading Lady Luxurious Bamboo Nursing Sleep Bra" with the claim that it has a "unique eco-friendly fabric."

8





e)      Defendant also has marketed and sold, under its own private label, "Home

Trends 300 Thread Count Bamboo Sheets," claiming, "In harmony with nature, silky soft

bamboo sheets are environmentally friendly."

9

f)       Defendant also has marketed and sold a non-private label "Serenity Organic Self-Cooling Luxury Bamboo Comforter," claiming it is "Sustainable," noting that, "Our Serenity Bamboo Comforter will appeal to your sense of luxury and your desire to help the planet."



10



g)  Defendant also has marketed and sold, under its own private label, "No Boundaries – Juniors Eco-Friendly Stripe Tee Shirt," claiming, "For fashion that never goes out of style, go for eco-friendly products, like this tee shirt.   Blend organic cotton with rayon crafted from bamboo and you get a cute and comfy tee that's all about sustainability."

**Defendant's Textile Products Are Rayon**

12.     As defined by the Textile Act and Rules, textile fiber products marketed and sold by Defendant as bamboo, including those described in Paragraphs 10 and 11 above, are rayon, not actual bamboo fiber woven into fabric.

11

13. Rayon is the generic name for a type of regenerated or manufactured fiber made from cellulose. Rayon is manufactured by taking purified cellulose from a plant source, also called a cellulose precursor, and converting it into a viscous solution by dissolving it in one or more chemicals, such as sodium hydroxide. The chemical solution is then forced through spinnerets and into an acidic bath where it solidifies into fibers.

14. Manufacturers may use many different plants as cellulose precursors to make rayon, including cotton linters (short cotton fibers), wood pulp, and bamboo. Regardless of the source of the cellulose, the manufacturing process involves the use of hazardous chemicals, and the resulting fiber is rayon and not cotton, wood, or bamboo fiber. *See generally* 40 C.F.R. Part 63, Subpart UUUU ("National Emission Standards for Hazardous Air Pollutants for Cellulose Products Manufacturing").

15. "[H]azardous air pollutants (HAP) emitted from cellulose products manufacturing operations" include carbon disulfide, carbonyl sulfide, ethylene oxide, methanol, methyl chloride, propylene oxide, and toluene. 40 C.F.R. § 63.5480.

16. Pursuant to the Textile Act and Rules, advertising for textile products that references or implies fiber content must disclose the generic fiber names recognized or established by the Commission and must not misrepresent fiber content. 16 C.F.R. §§ 303.15 & 303.16(a)(1). Advertising for manufactured textile products composed, in whole or in part, of regenerated cellulose fiber must therefore use the generic fiber name, in this case, "rayon" or "viscose."

## PRIOR COMMISSION PROCEEDINGS CONCERNING
## TEXTILE FIBER PRODUCT MISREPRESENTATIONS

17.     In August 2009, the Commission announced three settlements and one administrative action against marketers who improperly labeled and advertised rayon textile products as "bamboo."   In addition to publicly announcing these cases, the Commission issued a Business Alert to remind marketers of the need to label and advertise textile products properly, and to clarify that "bamboo" is not a proper generic fiber name for manufactured rayon textile fibers.   The Commission disseminated the press release announcing the four cases and the Business Alert widely throughout the marketplace.

18.     On January 27, 2010, the Commission sent Defendant a letter by express mail, informing Defendant that certain of its acts or practices in connection with the advertising and labeling of textile fiber products may violate the Textile Act and the Textile Rules and constitute unfair or deceptive acts or practices under Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1). Specifically, the letter informed Defendant that the term "bamboo" can only be used in labeling or advertising a textile product made from fibers taken directly from the bamboo plant, without undergoing the chemical process necessary to make rayon, and that rayon must be described using an appropriate recognized term.   The letter informed Defendant that failing to properly label and advertise textiles misleads consumers and violates both the Textile Rules and the FTC Act.

19.     Defendant received the Warning Letter.

20.     Enclosed with the Warning Letter was a synopsis of previously litigated decisions issued by the Commission, as well as instructions to contact Commission staff or to visit the

Commission's website at http://www.ftc.gov/bamboo to obtain complete copies of the Textile

Act, the Textile Rules, and the Commission's Final Orders and Opinions in the proceedings

described in the synopsis.

21.     As detailed in the synopsis enclosed with the Warning Letter, in a series of

litigated decisions, the Commission determined, among other things, that:

a)     Both manufacturers and sellers of textile fiber products must comply with

the Textile Act and the Textile Rules, *see H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971);

*Taylor-Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694

(1962);

b)     It is an unfair or deceptive act or practice to falsely or deceptively stamp,

tag, label, invoice, advertise, or otherwise identify any textile fiber product regarding the

name or amount of constituent fibers contained therein, *see Verrazzano Trading Corp., et

al.*, 91 F.T.C. 888 (1978); *H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971); *Taylor-

Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694 (1962);

and

c)     It is a violation of Section 5 of the FTC Act, the Textile Act, and the

Textile Rules to advertise textile fiber products in a way that makes disclosures or

implications of fiber content while failing to set forth the required information as to fiber

content as specified by Section 4(c) of the Textile Act and in the manner and form

prescribed by the Textile Rules, *see Delco Carpet Mills, Inc.*, 70 F.T.C. 1706 (1966).

22.     The Warning Letter also notified Defendant of its potential liability for civil

penalties under Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), for knowingly

engaging in acts or practices determined by the Commission to be unfair or deceptive and unlawful, as described in Paragraph 21 of this Complaint.

23.    In January 2013, the Commission announced four settlements with large, national marketers that received the Warning Letter and thereafter allegedly engaged in improper labeling and advertising of rayon textile products as "bamboo."   The Commission announced these settlements through a widely disseminated press release that reminded marketers of the Business Alert it had previously issued regarding the need to label and advertise textile products, and specifically "bamboo" products, properly.

24.    In December 2015, the Commission announced four more settlements with large, national marketers that received the Warning Letter and thereafter allegedly engaged in improper labeling and advertising of rayon textile products as "bamboo."   In addition to publicly announcing these cases, the Commission sent letters to other retailers, including Defendant, again reminding them about the prior bamboo cases and advising them to check their own inventories to ensure proper labeling and advertising of their textile products.   The press release announcing the four cases was disseminated widely throughout the marketplace.

25.    Since at least 2015, despite the Commission's public announcements and the Warning Letter, Defendant has marketed and sold rayon textile fiber products advertised as "bamboo," including by engaging in practices such as those described in Paragraphs 10 through 11 above.

26.    The practices described in Paragraphs 10 through 11 above are deceptive acts or practices in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1), and violate the Textile Act and the Textile Rules..

27.     Based on the facts and violations of law alleged in this Complaint, Plaintiff has reason to believe that Defendant is violating or is about to violate laws enforced by the Commission because, among other things, Defendant engaged in its unlawful acts and practices repeatedly over a period of at least five years, despite receipt of the Warning Letter, and only ceased some of its unlawful conduct after it received a request for information from the FTC.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

28.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

29.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I:   False or Unsubstantiated Representations

30.     Paragraphs 1-29 are incorporated as if set forth herein.

31.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of textile fiber products, Defendant represents or has represented directly or indirectly, expressly or by implication, that:

a)      Its textile fiber products are bamboo fiber; or

b)      Its textile fiber products made of bamboo or bamboo fiber provide an environmental benefit, in whole or in part, because they are derived from bamboo.

32.     The representations set forth in Paragraph 31 are false or misleading, or were not substantiated at the time the representations were made.

16

33.     Therefore, the making of the representations as set forth in Paragraph 31 constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE TEXTILE ACT AND THE TEXTILE RULES

34.     The Textile Act governs, *inter alia*, the labeling and advertising of textile fiber products manufactured, sold, advertised, or offered for sale in commerce.   *See* 15 U.S.C. § 70a.

35.     Under the Textile Act, a textile fiber product is "misbranded if it is falsely or deceptively stamped, tagged, labeled, invoiced, advertised, or otherwise identified as to the name or amount of constituent fibers contained therein."   15 U.S.C. § 70b(a).

36.     Pursuant to section 70e(c) of the Textile Act, 15 U.S.C. § 70e(c), the Commission promulgated the Textile Rules, which state:

a)     All textile fiber products must carry affixed labels stating the recognized generic names of the constituent fibers, 16 C.F.R. §§ 303.2, 303.6, 303.15, 303.16(a)(1);

b)     No generic name for a manufactured fiber may be used until such generic name has been "established or otherwise recognized by the Commission," 16 C.F.R. § 303.8;

c)     "Words, coined words, symbols[,] or depictions, (a) which constitute or imply the name or designation of a fiber which is not present in the product . . . shall not be used in such a manner as to represent or imply that such fiber is present in the product."   16 C.F.R. § 303.18.   Any term used in advertising, including internet advertising, that constitutes or connotes the name or presence of a textile fiber is "deemed to be an implication of fiber content."   16 C.F.R. § 303.40.   "In advertising textile fiber

17

products, the use of a fiber trademark or a generic fiber name shall require a full disclosure of the fiber content information required by the Act and regulations in at least one instance in the advertisement."   16 C.F. R. § 303.41.   "Where a textile fiber product is advertised in such manner as to require disclosure of the information required by the [Textile] Act and regulations, all parts of the required information shall be stated in immediate conjunction with each other in legible and conspicuous type or lettering of equal size and prominence."   16 C.F.R. § 303.42; and

   d) Any information or representation included in advertising or labeling of a textile fiber product that is not required under the Textile Act or the Textile Rules "shall in no way be false, deceptive, or misleading as to fiber content and shall not include any names, terms, or representations prohibited by the [Textile] Act and regulations."   16 C.F.R. § 303.42(b); 16 C.F.R. § 303.41(d); *see also* 16 C.F.R. § 303.17(d).

37. A violation either of the Textile Act or of the Textile Rules constitutes an unfair or deceptive act or practice in violation of the FTC Act.   *See* 15 U.S.C. §§ 70a and 70e.   The FTC "is authorized and directed to prevent any person from violating the provisions of [the Textile Act] in the same manner, by the same means, and with the same jurisdiction, powers, and duties as though all applicable terms and provisions of the [FTC Act] were incorporated" therein, and any "person violating the [Textile Act] shall be subject to the penalties" provided in the FTC Act.   15 U.S.C. § 70e(b).

## Count II:   Unlawful Marketing of Textile Products

38. Paragraphs 1-37 are incorporated as if set forth herein.

18

39.     In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of textile fiber products containing rayon, Defendant has represented directly, or indirectly, expressly or by implication, that such products contain "bamboo" fiber.

40.     In truth and in fact, in numerous instances in which Defendant has made the representations set forth in Paragraph 39, these textile fiber products do not contain bamboo fiber, but instead contain rayon, a regenerated cellulose fiber.

41.     In numerous instances in connection with the advertising of textile fiber products containing rayon, Defendant has made representations regarding the products' fiber content without disclosing the full fiber content as required by the Textile Act and Textile Rules.

42.     Therefore, the representations as set forth in Paragraph 39 are false or misleading, Defendant's retail textile fiber products are falsely or deceptively advertised, and Defendant's advertising fails to disclose full fiber content in violation of Sections 70a and 70b of the Textile Act, 15 U.S.C. §§ 70a and 70b, and Sections 303.2, 303.6, 303.18, 303.40, 303.41, and 303.42 of the Textile Rules, 16 C.F.R. Part 303.

43.     Defendant's violations of the Textile Act and of the Textile Rules constitute deceptive acts or practices, in or affecting commerce, in violation of Section 5(a) of the FTC Act. *See* 15 U.S.C. §§ 70a and 70e.

## VIOLATIONS OF PRIOR COMMISSION DETERMINATIONS CONCERNING UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN COMMERCE

44.     Pursuant to Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), if the Commission has determined in a proceeding under section 5(b) of the FTC Act, 15 U.S.C. § 45(b), that an act or practice is unfair or deceptive by issuing a final cease and desist order

other than a consent order, then a person, partnership, or corporation that engages in such act or practice with actual knowledge that such act or practice is unfair or deceptive shall be liable for civil penalties.

45.     In prior litigated decisions, the Commission has determined that it is an unfair or deceptive act or practice to offer for sale or sell textile fiber products that are falsely or deceptively labeled as to the name or amount of constituent fiber contained therein.   The Commission also has determined that it is an unfair or deceptive act or practice to falsely or deceptively advertise textile fiber products including, but not limited to, falsely or deceptively advertising the name or amount of constituent fiber contained within a textile fiber product.  *See* Paragraph 21.

46.     Pursuant to Section 5(m)(1)(B) of the FTC Act, for the purpose of computing civil penalties, each and every instance that Defendant has introduced, advertised, offered for sale, or sold a misbranded retail textile fiber product since receiving the Warning Letter constitutes an act or practice that the Commission has determined in a prior proceeding to be unfair or deceptive.

47.     Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Public Law 114-74, sec. 701, 129 Stat. 599 (2015), and Section 1.98(e) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(e), effective January 10, 2022, authorizes the award of monetary civil penalties of not more than $46,517 for each violation of prior Commission determinations concerning unfair and deceptive acts or practices in commerce.

**Count III:   Violations Under Section 5(m)(1)(B)**

48.     Paragraphs 1-47 are incorporated as if set forth herein.

49.     As set forth in Paragraphs 18 through 22, at least since receiving the Warning

Letter, Defendant has had actual knowledge that (1) falsely or deceptively advertising textile

fiber products or (2) offering for sale or selling falsely or deceptively advertised textile products

are unfair or deceptive acts or practices subject to civil penalties.

50.     In numerous instances, as set forth in Paragraph 10, Defendant has offered for

sale and sold textile products it advertised as containing "bamboo."

51.     In truth and in fact, in numerous instances in which Defendant has made the

representations set forth in Paragraph 50, these textile fiber products are not bamboo fiber but

instead rayon, a regenerated cellulose fiber.

52.     Defendant has engaged in the acts and practices described in Paragraphs 50 and

51 with the actual knowledge, as set forth in Paragraph 44, that such acts and practices have been

determined by the Commission in a final cease and desist order, other than a consent order, to be

unfair and deceptive under Section 5(a) of the FTC Act.   Defendant, therefore, is liable for civil

penalties under Section 5(m)(1)(B) of the FTC Act.   15 U.S.C. § 45(m)(1)(B).

## CONSUMER INJURY

53.     Consumers are suffering, have suffered, and will continue to suffer substantial

injury as a result of Defendant's violations of the FTC Act and the Textile Act and Rules.

Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and

harm the public interest.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that the Court:

A.     Enter a permanent injunction to prevent future violations of the FTC Act, the

Textile Act, and the Textile Rules by Defendant;

B.     Award monetary civil penalties pursuant to 15 U.S.C. § 45(m)(1)(B); and

C.     Award any other and additional relief as the Court determines to be just and

proper.

Dated: April 8, 2022                          Respectfully submitted,

**FOR FEDERAL TRADE**                         **FOR PLAINTIFF**
**COMMISSION:**                               **THE UNITED STATES OF AMERICA:**

JAMES A. KOHM (D.C. Bar No. 426342)           BRIAN M. BOYNTON
Associate Director for Enforcement            Principal Deputy Assistant Attorney General
                                              Civil Division
LAURA KOSS (D.C. Bar No. 441848)
Assistant Director for Enforcement            ARUN G. RAO
                                              Deputy Assistant Attorney General
MIRIAM LEDERER
(D.C. Bar No. 983730)                         GUSTAV W. EYLER (D.C. Bar No.
Attorney                                      997162)
Federal Trade Commission                      Director
600 Pennsylvania Avenue, N.W.                 Consumer Protection Branch
Mail Drop CC-9528
Washington, D.C. 20580                        LISA K. HSIAO (D.C. Bar No. 444890)
(202) 326-2975; mlederer@ftc.gov              Assistant Director

                                              By: */s/ Rachael L. Doud*_____
                                              Rachael L. Doud
                                              Trial Attorney
                                              Consumer Protection Branch
                                              U.S. Department of Justice
                                              450 5th Street NW, Suite 6400 South
                                              Washington, DC 20530
                                              (202) 451-7468
                                              rachael.doud@usdoj.gov