UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>WALMART INC.,<br><br>  Defendant. | Case No.  1:22-cv-00965<br><br>**STIPULATED ORDER AND JUDGMENT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER RELIEF** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Civil Penalties, Permanent Injunction and Other Relief ("Complaint"), pursuant to Sections 5(m)(1)(B), 13(b), and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(m)(1)(B), 53(b), and 56(a)(1), and pursuant to the Textile Fiber Products Identification Act ("Textile Act"), 15 U.S.C. § 70 *et seq.*, and the Rules and Regulations thereunder ("Textile Rules"), 16 C.F.R. Part 303.   Defendant has waived service of the summons and the Complaint.   Plaintiff and Defendant stipulate to the entry of this Stipulated Order and Judgment for Civil Penalties, Permanent Injunction and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that, in marketing and selling rayon textile products as "bamboo,"

1

Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; engaged in such acts or practices with actual notice that the Commission had previously determined them to be unfair or deceptive, 15 U.S.C. § 45(m)(1)(B); and engaged in mislabeling or deceptive advertising of textile products in violation of the Textile Act, 15 U.S.C. § 70 *et seq.*, and the Textile Rules, 16 C.F.R. Part 303.

3. The Commission sent Defendant a letter dated January 27, 2010, informing Defendant that certain acts or practices in connection with the advertising of textile fiber products may violate the Textile Act and the Textile Rules and are unfair or deceptive under Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

4. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

5. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

6. Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Covered Product**" means any of the following products which is sold by Defendant, unless Defendant does not have an ownership interest in such product and prior to the

point of purchase, clearly and conspicuously informs consumers that there is a third-party seller for that product: (1) any article of wearing apparel, costume or accessory, drapery, floor covering, furnishing, bedding, or other textile good of a type customarily used in a household, regardless of where used, that is made, in whole or in part, of yarn or fabric comprised, in whole or in part, of any Manufactured Fiber, as that term is defined herein; or (2) any fiber, yarn, or fabric comprised, in whole or in part, of a Manufactured Fiber, as that term is defined herein, whether in the finished or unfinished state, used or intended for use in any such textile good. As noted in 15 U.S.C. § 70(h), this term shall not include any product required to be labeled under the Wool Products Labeling Act of 1939.

B. "**Defendant**" means Walmart Inc., and its successors and assigns.

C. "**Fiber Trademark**" means a word or words used to identify a particular fiber sold by a person and to distinguish it from fibers of the same generic class sold by others, as defined in 16 C.F.R. § 303.1(r).

D. "**FTC**" or "**Commission**" means the Federal Trade Commission.

E. "**Generic Name of Any Manufactured Fiber**" means any name for a textile fiber established and defined by the Commission pursuant to Section 70e(c) of the Textile Act, as set forth in 16 C.F.R. § 303.7.

F. "**Manufactured Fiber**" means any fiber derived by a process of manufacture from any substance which, at any point in the manufacturing process, is not a fiber, as defined in 15 U.S.C. § 70(d).

G. "**Required Information**" means such information as is required to be disclosed on labels or invoices and in advertising under the Textile Act, 15 U.S.C. § 70 *et seq.*, and under the

Textile Rules, 16 C.F.R. Part 303, as defined in 16 C.F.R. § 303.1(e).

## ORDER

### I. PROHIBITION AGAINST DECEPTIVE CLAIMS, INCLUDING FALSE AND/OR UNSUBSTANTIATED CLAIMS

IT IS THEREFORE ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product are permanently restrained and enjoined from making any representation, expressly or by implication, that such product:

   A. is made of bamboo or bamboo fiber, including, but not limited to, through the use of a Fiber Trademark or other descriptive term or name for a product or product line; or

   B. if made of bamboo or bamboo fiber, has any environmental benefit or attribute, in whole or in part, because it is derived from bamboo;

unless the representation is non-misleading, and, at the time such representation is made, Defendant possesses and relies upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true. For purposes of this Provision, "competent and reliable scientific evidence" means tests, analyses, research, or studies that: (1) have been conducted and evaluated in an objective manner by qualified persons; and (2) are generally accepted in the profession to yield accurate and reliable results.

## II.  PROHIBITION AGAINST VIOLATING THE TEXTILE ACT AND TEXTILE RULES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product, are permanently restrained and enjoined from:

- A. Selling, offering for sale, or advertising in commerce any Covered Product that is falsely or deceptively stamped, tagged, labeled, invoiced, advertised, or otherwise identified as to the name or amount of constituent fibers contained therein as set forth in 15 U.S.C. §§ 70a, 70b.
- B. Failing to use the recognized Generic Name of Any Manufactured Fiber in the Required Information in any labels, invoices, or advertising of any Covered Product as set forth in 16 C.F.R. §§ 303.6, 303.7.
- C. Failing to include all Required Information on labels for any Covered Product as set forth in 15 U.S.C. § 70b(b), 16 C.F.R. §§ 303.16, including identifying:
    1. The generic names and percentages by weight of the constituent fibers present in the Covered Product, in amounts of 5 percent or more and in the order of predominance, as set forth in 16 C.F.R. § 303.16(a)(1);
    2. The name, or registered identification number issued by the Commission, of the manufacturer or of one or more persons marketing or handling the Covered Product, as set forth in 16 C.F.R. § 303.16(a)(2); and

5

    3. The name of the country where such Covered Product was processed or manufactured, as set forth in 16 C.F.R. §§ 303.16(a)(3), 303.33.

D. Failing to ensure that any Fiber Trademark or generic name used on the label of, or in any advertising for, any Covered Product, as set forth in 16 C.F.R. §§ 303.17(d), 303.41(d):

    1. Is not false, deceptive, or misleading as to fiber content; and

    2. Does not indicate, directly or indirectly, that the Covered Product is composed wholly or in part of a particular fiber, when such is not the case.

E. Failing to ensure that any non-Required Information or representation used on the label of, or in the advertising for, any Covered Product, as set forth in 16 C.F.R. §§ 303.16(c), 303.42(b):

    1. Does not interfere with, minimize, detract from, or conflict with Required Information;

    2. Does not include any names, terms, or representations prohibited by the Textile Act or Textile Rules; and

    3. Is not false, deceptive, or misleading.

F. Where a Covered Product is advertised in such manner as to require disclosure of the information required by the Textile Act and Textile Rules, failing to include all parts of the Required Information in immediate conjunction with each other in legible and conspicuous type or lettering of equal size and prominence, as set forth in 16 C.F.R. § 303.42(a).

G. Where a Fiber Trademark is used in advertising a Covered Product, failing, as set forth

in 16 C.F.R. § 303.41:

1. To include the generic name of the fiber contained in such Covered Product in immediate proximity to and in conjunction with such Fiber Trademark in legible and conspicuous type or lettering of equal size and prominence; and

2. To include a full disclosure of the fiber content information required by the Textile Act and Textile Rules in at least one instance in any such advertisement.

H. Failing to ensure that any words, coined words, symbols, or depictions used in the labeling or advertising of a Covered Product which:

1. Constitute or imply the name or designation of a fiber; or

2. Are phonetically similar to the name or designation of a fiber; or

3. Are only a slight variation of spelling from the name or designation of a fiber,

are not used in such a manner as to represent or imply that such fiber is present in the Covered Product, unless such fiber is actually present in that product, as set forth in 16 C.F.R. § 303.18.

I. Failing to maintain for at least three (3) years, required records for any Covered Products manufactured by Defendant, including records showing the fiber content, as set forth in 15 U.S.C. § 70d(a); 16 C.F.R. § 303.39.

***Provided, further***, that nothing in this Order shall prohibit Defendant from complying with the Textile Act or Textile Rules by establishing that it received and maintained in good faith a guaranty, which complies fully with Section 70h of the Textile Act, 15 U.S.C. § 70h, and with Sections 303.36-303.38 of the Textile Rules, 16 C.F.R. §§ 303.36-303.38, that such Covered

Product is not misbranded or falsely invoiced. A guaranty shall not be received or maintained in good faith after Defendant knows or should have known that products covered by the guaranty are or likely may be mislabeled or deceptively advertised, including after being notified by the Commission that such products are or likely may be mislabeled or deceptively advertised.

*Provided further*, that if it is not legally possible to obtain a guaranty at the time Defendant takes an ownership interest in a Covered Product, and: (1) Defendant does not embellish or misrepresent claims provided by the manufacturer about a Covered Product; and (2) the Covered Product is not sold by Defendant as a private label product, then Defendant shall only be liable for a violation of this Section if it knew or should have known that the marketing or sale of the Covered Product would violate this Section.

*Provided further*, that in the event the Textile Act or Textile Rules are amended or modified, nothing in this Section shall impose upon Defendant obligations that go beyond what is required under the amended or modified version of the Textile Act or Textile Rules.

### III.   MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Three Million Dollars ($3,000,000) is entered in favor of Plaintiff against Defendant, as a civil penalty.

B. Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Three Million Dollars ($3,000,000). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

C. Defendant relinquishes dominion and all legal and equitable right, title, and interest in

all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

E. Defendant acknowledges that its Taxpayer Identification Number (Employer Identification Number), which Defendant must submit to the Commission and Plaintiff, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## IV. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives having managerial responsibilities for conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order,

Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## V.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury, that must:  (1) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (2) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (3) describe the activities of each business, including the goods and services offered, and the means of advertising, marketing, and sales; (4) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (5) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:  (1) any designated point of contact; or (2) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that

engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin: *United States v. Walmart Inc.*, "bamboo."

## VI.    RECORDKEEPING

IT IS FURTHER ORDERED that Defendant, in connection with the marketing and/or sale of Covered Products, must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.   Specifically, Defendant must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person employed by Defendant as a manager

  having responsibilities for Defendant's marketing or sale of Covered Products in any category that Defendant uses to organize its business (*e.g.*, apparel, home, baby, etc.), that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

D. a representative sample of advertisements or other marketing materials.

## VII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B. For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant. Defendant must permit representatives of the

Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** \_\_\_\_\_ **day of** _____**, 2022.**

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF**
**THE UNITED STATES OF AMERICA:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER (D.C. Bar No. 997162)
Director
Consumer Protection Branch

LISA K. HSIAO (D.C. Bar No. 444890)
Assistant Director

By: */s/ Rachael L. Doud*
Rachael L. Doud
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
450 5th Street NW, Suite 6400 South
Washington, DC 20530
(202) 451-7468
rachael.doud@usdoj.gov

**FEDERAL TRADE COMMISSION**

*/s/ Miriam R. Lederer*
MIRIAM R. LEDERER
DC Bar No. 983730
Attorney
Federal Trade Commission
Division of Enforcement
600 Pennsylvania Avenue, NW
Maildrop CC-9528
Washington, DC 20580

202-326-2975, mlederer@ftc.gov
202-326-3197 (fax)

**FOR DEFENDANT:**

_____ Date: January 21, 2022
Drew R. Wisniewski    DC Bar No. 1016351
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Drew.Wisniewski@lw.com

Sean M. Berkowitz
Latham & Watkins LLP
330 N. Wabash Ave Ste 2800
Chicago, IL 60611
Sean.Berkowitz@lw.com

_____ Date: February 9, 2022
Holly Melton, Esq.
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
212-895-4258
HMelton@Crowell.com

**DEFENDANT:** Walmart Inc.

_____ Date: February 9, 2022
Karen Roberts
Executive Vice President and General Counsel, Walmart Inc.